VICENTY v. VÁZQUEZ ET AL.

APPEAL from the District Court of Mayagüez.

No. 2.—Decided June 30, 1906.

APPEAL—EVIDENCE—STATEMENT OF FACTS.—In order that the Supreme Court may consider on appeal the evidence taken at the trial, it is necessary that the same be set forth in a statement of facts.

ALLEGATIONS—PRAYER OF COMPLAINT.—The prayer of the complaint under the modern system of procedure does not possess the same importance as it formerly did under the old procedure, and it is sufficient if a complaint fulfills the requirements of section 103 of the Code of Civil Procedure.

ID.—CANCELLATION OF MORTGAGE—SET-OFF (COMPENSACIÓN)—JUDGMENT.—Where it is alleged in the complaint that one party is the debtor of another and at the same time is creditor in a greater amount and it is prayed that the debt of

the former be canceled, it is evident that this condition of affairs is equiva-
lent to the term known to the law as *compensación* (set-off), and therefore,
a judgment declaring the obligation of the former extinguished by such set-
off can not be attacked on the ground that it is incompatible with the allega-
tions of the complaint.

ID.—Where it is prayed in a complaint that certain assignments of a mortgage
credit be declared null and void, as also the proceedings prosecuted for the
recovery of the same and all other acts originating therein, a judgment, de-
claring the deed of judicial sale of the mortgaged property to be null and
void can not be attacked on the ground that it is incompatible with the
prayers of the complaint, inasmuch as such a sale is an act originating in
the said proceedings.

ID.—ASSIGNMENT OF A CREDIT EXTINGUISHED BY SET-OFF—EFFECTS THEREOF.—
The assignment of a mortgage credit extinguished by set-off is null and void,
and the nullity of such an assignment necessarily involves the nullity of a
judicial sale held under the proceedings prosecuted for the recovery of such
credit, and although the proceeding may be valid that fact will not prevent
the sale which was acknowledged as the sole cause of the assignment of the
extinguished credit from being declared null and void.

ID.—NULLITY OF RECORDS.—Where certain contracts have been declared null and
void the natural and logical consequence thereof is the annulment of all
records entered in the registry of property in virtue of such contracts, inas-
much as where the cause of a thing is null and void the effect thereof must
likewise be held null and void.

ID.—DILATORY EXCEPTION.—The right which a litigant may have or claim to have
is a matter independent of his capacity to sue, and therefore the lack of such
a right on the part of a plaintiff is not a ground for the exception of lack of
capacity to sue, which refers only to the absolute or relative capacity of a
litigant to appear in an action or to sue, and not to the existence or efficacy
of the actions or exceptions brought or alleged by him.

ID.—INTERPRETATION OF ALLEGATIONS—CAUSE OF ACTION.—In order to determine
the effect of an allegation the same should be liberally construed in order
to insure absolute justice to the parties, and it having been alleged by the
complaint in the case at bar that one of the parties was at one and the same
time the creditor as well as the debtor in a smaller amount of another party,
this fact, as showing the existence of a set-off, is sufficient to constitute a
cause of action for the annulment of an assignment of the credit extinguished
by the set-off.

ID.—MORTGAGE—THIRD POSSESSOR.—A mortgage directly and immediately sub-
jects the property upon which it is constituted, no matter who the possessor
thereof may be, to the compliance of the obligations for the security of
which it was constituted, and therefore, as the plaintiff in this case defines a
mortgage credit his action for the enforcement of his rights is properly
brought against the present possessors without prejudice to the right which
they may have to proceed against the assignors of the credit declared to be
extinguished by a set-off.

APPEAL—EVIDENCE—FINDINGS UPON THE SAME.—Where the evidence taken at the
trial is not submitted in due form to the consideration of the Supreme Court
it will be presumed that the findings of the trial court upon the evidence are
correct.

NULLITY OF RECORDS—THIRD PARTY.—The nullity of records will not prejudice a right previously acquired by a third party who was not a party to the act or contract recorded.

ID.—ASSIGNMENT OF CREDITS IN REGARD TO WHICH NOTICES HAVE BEEN ENTERED.—Although a mortgage creditor may assign his mortgage, nevertheless if a notice of attachment of the mortgaged property has been entered in the registry of property, the assignees acquiring the same under the limitations of the right the notice of which is entered, they cannot subsequently invoke the privileges of third parties because a person who, although he has no intervention in the execution of the act or contract recorded, has notice of the encumbrances upon the property acquired cannot be considered as third parties.

SET-OFF—WAIVER OF RIGHT TO THE PREJUDICE OF CREDITORS.—The rights to which a person is entitled by virtue of a set-off can not be waived by any of the persons interested therein to the prejudice of other creditors, and therefore where the person who should exercise this right fails to do so or waives the same, such right will pass to his creditors; and, consequently, where a mortgage credit which has been extinguished by a set-off is assigned, an action for the annulment of such assignment may be prosecuted by any other mortgage creditor for the protection of his rights.

The facts are stated in the opinion.

*Mr. José de Guzmán Benítez* for appellant.

*Mr. Méndez Vaz* for respondent.

MR. JUSTICE FIGUERAS delivered the opinion of the court.

Juan Vicenty Ramos filed a complaint in the District Court of Mayagüez against Fernando Vázquez y Morales and Manuel Catalá y Dueño based upon the following grounds.

"First. That Claudio Barros Fernández, who contracted a second marriage with Ana Lacourt y Duperrois, sold to Pedro Paoli Fernández, a coffee plantation, the area, situation and boundaries of which it is not necessary to describe.

"Second. That the purchaser, Paoli, constituted in favor of said Ana Lacourt a mortgage for 10,750 *pesos*, being the amount of his contribution to the marriage, which mortgage was recorded in the registry of property.

"Third. That Ana Lacourt brought an action against Pedro Paoli for the annulment of certain possessory proceedings, which action was dismissed by final judgment and the plaintiff was adjudged to pay all the costs, amounting, according to the taxation, to the sum of 13,510.26 *pesos*.

"Fourth. That Pedro Paoli paid these costs in full, but subsequently Ana Lacourt died, and Paoli being her creditor in the amount

of the costs paid by him and her debtor at the same time for the amount of the mortgage for his contribution to the marriage, described in the second statement of facts, he prayed for and obtained from the court the cancellation of said mortgage, and it was ordered that her heirs be required to execute the cancellation.

"Fifth. That during the marriage of Claudio Barros y Fernández to Ana Lacourt she granted, without the authority of her husband, a general power of attorney to Pascasio Fajardo, by instrument executed on July 16, 1893, before Notary Rosendo Matienzo Cintrón.

"Sixth. That said attorney in fact, Fajardo, conveyed the mortgage for 10,750 *pesos* held by Ana Lacourt to Federico Delgado.

"Seventh. That Delgado in his turn assigned a half interest therein each to Fernando Vázquez Ramos and Manuel Catalá.

"Eighth. That Fernando Vázquez Ramos assigned one half—that is to say, his mortgage interest—to his son, Fernando Vázquez Morales, all of these assignments being recorded in the registry of property.

"Ninth. That Fernando Vázquez Morales and Manuel Catalá, having become the owners of the mortgage credit of Ana Lacourt, they instituted summary foreclosure proceedings under which the mortgaged estate was awarded to them.

"Tenth. That the plaintiff has another mortgage constituted upon the same estate."

From these facts the plaintiff deduces the following conclusions:

"A That the mortgage in favor of Ana Lacourt is extinguished, and that it should be canceled.

"B. That the assignment of this encumbrance by Fajardo to Federico Delgado is void, and so are also the subsequent assignments.

"C. That, consequently, the foreclosure proceedings instituted by the defendants for the collection of the mortgage debt and all other acts derived therefrom are void."

And he prays the court "to declare the cancellation of the mortgage constituted in favor of Ana Lacourt, the nullity of the successive assignments of said mortgage made by the persons above named, the nullity of the foreclosure summary proceedings instituted by the defendants for the collection of

the mortgage debt, the nullity of the award and of all subsequent transactions, with the costs against the defendants, and that an order issue to the Registrar of Property of Mayagüez to make the cancellation of the records and entries and the proper cancellations in execution of the judgment."

### Answer of Fernando Vázquez, the Defendant.

Demurrer to the complaint, included in the answer.

Lack of legal capacity in the plaintiff, because according to article 65 of the former Civil Code only the husband and his heirs may enforce the nullity of the acts executed by his wife without proper permission or authorization. And the plaintiff, Vicenty, was neither the husband of Ana Lacourt nor the heir of the person who had actually been her husband.

That the mortgage of the plaintiff was subsequent to that of the defendant and consequently the former must accept all the liens upon the estate encumbered, the defendant alleging that on this ground also the plaintiff lacks legal capacity to prosecute this complaint.

That he also lacks such capacity to bring an action for the annulment of the contracts to which he refers, because he did not become, either principally or subsidiarily, obligated by virtue thereof, the action for nullity exercised being in such case opposed by article 1302 of the former Civil Code.

### Answer to the Complaint.

First. In opposition to the complaint it is alleged only that although it is true that Claudio Borrás, the husband of Ana Lacourt, did not take part in the execution of the power of attorney which she conferred upon Pascasio Fajardo, it is a fact that said Borrás had, as her husband, granted her by a prior instrument, absolute permission to execute all kinds of acts or contracts, to administer her property and freely to dispose of the same.

Second. By the words "denying the facts which do not agree with those alleged in the answer," the statement embodied in the complaint to the effect that Paoli had paid the costs which had been taxed against Ana Lacourt, is denied, as well as the allegation that he was her debtor and creditor for a larger amount, that he prayed for and obtained from the court the cancellation of the mortgage which had been , constituted in her favor, as his contribution to the marriage, upon his estate and finally the allegation that the plaintiff, Juan Vicenty Ramos, has another mortgage upon the same estate; and the conclusions set forth in this opinion under letters A, B and C, which are also set forth in the complaint, are likewise denied—that is to say, that the mortgage constituted by Paoli in favor of Ana Lacourt is extinguished and should be canceled; that the assignment by Pascasio Fajardo and the successive assignments are void, and that the summary proceedings prosecuted by the defendants for the recovery of said mortgage and all subsequent acts are null; the answer concluding with a prayer that the complaint be dismissed with the costs against the plaintiff.

### Counterclaim.

As counterclaim the defendant alleges that while Manuela Bernard was the owner of the estate in question, as the heir of Pedro Paoli, she found it impossible to resist the demands of Pedro Muñoz García, a guardsman of the municipal police, who had a very small salary, and was compelled to acknowledge in his favor a fictitious credit of $18,000 and to mortgage the estate as security, which mortgage, for the sum of $15,000, Muñoz assigned to the plaintiff, Juan Vicenty Ramos, notwithstanding the fact that the latter knew of the falsity of the consideration of the contract between Bernard and Muñoz. And this being the title the plaintiff now produces by way of counterclaim, the annulment of the deeds executed for such purpose is prayed for; and. consequently, that the

records be cancelled in the registry of property, to which end the defendant prays that the proper orders issue.

The defendant, Manuel. Catalá, on April 13, 1905, filed a demurrer to the complaint upon the same grounds as that of the defendant Vázquez. The action taken thereon is not of record. But we must assume that it was overruled as has been decided by this court in the case of *Eurípides López* v. *The American Railway Company of Porto Rico.*

Subsequently, on April 22, 1905, the complaint appears to have been answered in the same terms as Vázquez, adding that the other persons who have taken part in the contracts, the annulment of which is sought in the complaint to which answer is made, had not been summoned, the answer concluding with the same prayer as that of the other defendant.

An abundance of documentary and oral evidence was introduced in this action, and the judge of the District Court of Mayagüez, after having heard such evidence and the allegations of the parties, rendered the following judgment on November 27, 1905:

"That the law and the facts are in favor of the plaintiff, therefore:

"1. The law is against the demurrer filed by the defendant, Fernando Vázquez, for which reason said demurrer is overruled.

"2. That the law and the facts are against the counterclaim filed by said defendant, Fernando Vázquez, against the plaintiff, Juan Vicenty, and therefore the annulment sought does not lie; and

"3. That the law and the facts are in favor of the plaintiff and, therefore, the mortgage constituted by Pedro Paoli in favor of Ana Lacourt, according to deed executed in this city before Notary Santiago R. Palmer on October 30, 1890, and recorded in the registry of property of this district, folio 18, volume 8, of the municipality of Las Marías, estate ·No. 230, triplicate, fourth record, is therefore adjudged extinguished by compensation, and said mortgage is directed to be cancelled and the proper order will be issued to this end in duplicate to the registrar of property of this city, with the insertions and requisites necessary in order that the cancellation may be made effective.

"The court also declares null and void and without effect the deed

of assignment of said mortgage executed by Pascasio Fajardo y Cardona, in his capacity as general attorney in fact of Ana Lacourt, to Federico Delgado y Font, before Notary Mariano Riera Palmer, in this city on September 2, 1896, as well as the record of the assignment of said mortgage credit made in the registry of property, at folio 6, volume 16 of the municipality of Las Marías, estate No. 236, quintuplicate, record 21; likewise the deed of assignment of said mortgage, executed by Federico Delgado Font to Fernando Vázquez Ramos and Elviro Lacourt Peltan in this city, on December 15, 1903, before Notary Mariano Riera Palmer, is declared null and void, as also the consequent record made in the registry of property at folio 64, volume 26, of Las Marías and estate of the same number; the deeds of assignment of said mortgage rights, executed by Fernando Vázquez Ramos, as the attorney in fact of Elviro Lacourt and his wife, Rita Josefa Vicenty, in favor of Manuel Catalá y Dueño, are also declared null and void; that of the assignment made by said Fernando Vázquez Ramos in his own right and as the owner of one-half of said mortgage credit in favor of his son, Fernando Vázquez Morales, in this city, before Notaries Mariano Riera Palmer and Alfredo Arnaldo y Sevilla, of December 18, 1903, and February 7, 1904, respectively, and the corresponding records made in the books of the registry of property at folio 64, reverse side, record 23, and folio 67, record 25, of said volumes and estates, and that the proper orders issue to the registrar of property of this city for the cancellation of the said records.

"Finally, the court likewise declares null and void the deed of sale and award of said mortgaged estate made by Adrian del Valle, marshal of the District Court of Aguadilla, to Fernando Vázquez Morales and Manuel Catalá Dueño on November 2, 1905, as a consequence of the summary proceedings prosecuted by the latter against the said estate for the foreclosure of a mortgage constituted in their favor and of the corresponding record made in the registry of property at folio 70, reverse side, record 27 of the volume and estate cited above, to which end the order required by law for the cancellation of said records is directed to be issued, and the defendants are adjudged to pay the costs; and that execution issue against their property for the satisfaction of this judgment.—Attest: Franco. Llavat, secretary. Isidoro Soto Nussa, judge."

The defendants, Fernando Vázquez Morales and Manuel Catalá, took an appeal from this judgment to this Supreme Court presenting here the transcript of the record, which

contains a bill of exceptions, approved by the judge, as shown by the certificate of the secretary of the District Court of Mayagüez, which reads as follows:

"In the District Court of Mayagüez, P. R. *Juan Vicenty* v. *Manuel Catalá Dueño and Fernando Vázquez Morales.* Second term. October 30, 1905. Annulment and cancellation of records. I certify that in the month of October of the year above mentioned, corresponding to the second term of the District Court of Mayagüez, in the Island of Porto Rico, Hon. Isidoro Soto Nussa, the judge of said court, who sat as judge in the action above referred to, the following proceedings took place:

"Counsel for the above-mentioned litigants having appeared on October 30, 1905, for the oral trial of said cause, after such trial had begun in accordance with the rules of the court, counsel for the plaintiff introduced among other evidence the testimony of Witness Francisco Llavat, secretary of the court, for the purpose of producing certain records under his custody on account of their relation to this case; counsel for the defendants opposed the introduction of this evidence and made objection thereto, and the court, after considering the objection, decided to admit the evidence presented, whereupon counsel for the defendants took an exception, which was duly noted. Inasmuch as the matter alleged and considered by the court does not appear of record, counsel for the defendant presents this bill of exceptions, requesting that it be approved. I, Isidoro Soto Nussa, judge of said court, who sat at the trial of this cause, after the plaintiff in the action had been duly notified of this bill of exceptions, without his having presented any amendments thereto, I have settled and signed said bill of exceptions and ordered its return to the secretary of the district court, to be added to the judgment-roll, in order that it may form part of the record of the cause, this 29th day of December, A. D. 1905.—Isidoro Soto Nussa, judge of the District Court of Mayagüez."

The appellant has not presented any statement of facts duly approved by the trial judge, so that the record consists solely of a copy of the complaint, copy of the answer, of the judgment, of the notice of appeal and of the bill of exceptions above referred to. All the other matter forming part of the roll, which makes it so voluminous, cannot be

considered by us because it has not been presented in this appeal in proper legal form.

The appellants filed a lengthy brief, but recognizing the fact that this Supreme Court cannot consider the documentary evidence and the testimony of the witnesses heard at the trial and considered by the trial judge, because they have not presented a statement of facts, in the proper legal form, they confine themselves in said brief at the end of page 16, to indicating the errors committed by the judge, which, in their opinion, appear in the real record, and which are the following:

"First. That the cancellation of the mortgage constituted by Paoli in favor of Ana Lacourt was requested in the prayer of the complaint, but the judge, nevertheless, in his judgment holds that said mortgage has been extinguished by compensation, when such compensation has not even been mentioned in the allegations of the complaint.

"That the annulment of the deed of sale executed by the marshal of the Aguadilla court in favor of the defendant is declared, and that such annulment has not been requested in the prayers of the complaint, said deed not being even mentioned therein.

"That notwithstanding the fact that said deed is held to be void as a consequence of the summary proceedings, such proceedings are not held to be void, and it is argued that the effect cannot be void if the cause is valid.

"That in the judgment the records of the assignment of the mortgage credit, beginning with that of Federico Delgado, and the subsequent ones, are likewise held to be void, although such annulment had not been sought in the prayers of the complaint."

It is high time that we should realize that in modern procedure the prayer of a complaint is not of great importance, and, in fact, such prayer, as we understood it in the former system of procedure, is not now necessary. It is enough in order that the complaint may be considered sufficient that it embody the requisites prescribed by section 103 of the Code of Civil Procedure and permit of the trial being held, at which the proper evidence may be heard.

All that the judgment has granted is compatible with the

allegations of the complaint and is comprised in the subject matter of the litigation. The judge of the Mayagüez court has therefore complied with the provisions of section 191 of the Code of Civil Procedure.

As a matter of fact, it is alleged in the complaint that Paoli was the debtor of Ana Lacourt and a creditor of hers for a larger sum, and if, upon this assumption, the plaintiff asked for the cancellation of the former debt, it is clear that this act involves compensation as understood in law, which the judgment court understood perfectly in declaring extinguished by this means the mortgage obligation contracted by Paoli.

In the conclusions of the complaint, which are embodied in this opinion marked letters A, B and C, it is alleged that the assignment of this encumbrance by Fajardo to Delgado, and the subsequent assignments are void, and that the summary proceedings prosecuted by the defendants for the recovery of their mortgage, and "all other acts derived therefrom," are also void, and it is evident that the words which we have enclosed in quotation marks, includes the deed of sale executed by the marshal in favor of the defendants, because this deed is an act which grew out of said proceedings, and consequently the judge was perfectly right in annulling the sale.

It is argued that the proceedings which constitute the cause were not held to be void, and that, nevertheless, the deed of sale, which is the effect, was avoided.

But this is a sophistry. The cause of this judicial sale is the assignment of the credit which originated from Ana Lacourt; but the fact is that inasmuch as when said credit was assigned it had been extinguished by compensation, the sale is void, while the summary proceedings which constituted, not the cause, but a means employed to arrive at said judicial sale, may be perfectly valid.

On the other hand, we have already said that the complaint in its conclusion alleges that all the assignments made

of the credit of Ana Lacourt are void; then the judge in so holding has not departed from the prayers of the complaint.

"Second. That the judgment declares the nullity of the records made in favor of Delgado and the subsequent record, when this was not sought in the prayer to the complaint, and even had it been sought it could not have been declared, because the judgment does not state that said records lack any of the requisites prescribed by subdivisions 1, 2, 3, 4, 5, 6 and 8 of article 9 and subdivision 1 of article 13, as provided in article 30 of the Mortgage Law."

But the declaration of the nullity of these records has not been made nor sought because of the defects which they might contain, but as a natural and logical consequence of the nullity of the contracts of assignment, and here is where it may properly be said that the cause being null the effect is null, and for this reason the plaintiff prayed that an order issue to the registrar for the cancellation of the records.

"Third. That the plaintiff lacks legal capacity to sue, because only the husband and his heirs may enforce the nullity of the acts executed by his wife without authority or permission. (Article 65 of the former Civil Code.) That a similar lack of capacity exists according to sections 1302 or 1269 of the Revised Code, because the plaintiff was not obligated by the contracts of assignment either principally or subsidiarily. We have already said that this peremptory exception was pleaded in the answer to the complaint, and it is advanced in the brief as a ground of error committed by the trial judge."

But this exception is not that comprised under subdivision 2 of section 105 of the Code of Civil Procedure, because the right which a litigant may have or claim to have is a matter independent of his capacity to sue, and we so held in the case of *Gerardo Sosa y López* v. *The American Railroad Company of Porto Rico,* and the case of *Clotilde Delgado, as the guardian of her minor grandchildren,* v. *Leopoldo Casbassa.* It is not applicable here, as claimed by the appellant, because in that case the guardian lacked the authority of the district court to bring the action, and consequently, the legal

capacity to sue referred to in subdivision 2 of said section 105 of the Civil Code, was lacking.

This exception is identical to that provided in our former Law of Procedure under the name of lack of *personality*, which referred to the absolute or relative personal lack of capacity of the litigant to appear in court or to sue, but not to the validity and efficiency of the actions exercised or exceptions taken.

Therefore, we believe that for these reasons the judge of the Mayagüez court proceeded properly in overruling this peremptory exception in the form in which it was presented.

"Fourth. It is alleged in the brief that the complaint does not state facts sufficient to constitute a cause of action."

The reasons alleged are the same as those upon which is based the peremptory exception of lack of capacity which we have discussed.

The complaint contains clearly the determining fact of the compensation by reason of the character of creditor and debtor of Ana Lacourt, merged in Paoli, and this is sufficient to constitute the cause of the action which has been prosecuted. Especially is this so when at this stage of the case we must consider the provision of section 122 of the Code of Civil Procedure—that is to say, that in the construction of a pleading—for the purpose of determining its effect, its allegations must be liberally construed, with a view to substantial justice between the parties.

"Fifth. That all the persons who took part in the contract the annulment of which has been decreed, have not been included in the complaint. This is another ground of error alleged in this Supreme Court."

But we must consider that the plaintiff in this case defends a subsequent mortgage credit and a mortgage, according to section 1777 of the Revised Civil Code, article 105 of the Mortgage Law, directly, and immediately subjects the

property on which it is imposed, whoever its possessor may
be, to the fulfillment of the obligation for the security of
which it was created.

At the present time the defendants are the possessors of
the estate encumbered, and the plaintiff, in order to enforce
his rights, needs only to direct his action against said pos-
sessors, without prejudice to the rights the latter may have
against the assignors of the credit, which the judgment ap-
pealed from holds to have been extinguished by compensa-
tion.

"Sixth. That the judge erred in not stating in his judgment what
other debts offset the mortgage credit constituted by Pedro Paoli on
October 30, 1890, in favor of Ana Lacourt."

But as a matter of fact this may be clearly deduced from
the facts of the complaint. Paoli paid the amount of the
costs taxed against Ana Lacourt by final judgment. Then
by this means he became a creditor for a larger amount than
that for which he was a debtor, and the lesser debt was offset
by the larger credit.

Under the formula employed, declaring that the law and
the facts are in favor of the plaintiff, all these points are
decided, and, we repeat, section 191 of the Code of Civil Pro-
cedure has been complied with.

"Seventh. That article 65 of the former Civil Code has been vio-
lated. This was pleaded as an exception in the answer to the com-
plaint and is pleaded as a question affecting the merits of the case in
the brief."

But neither is there any reason for this.

The facts constituting the cause of the action here prose-
cuted are those which in law constitute compensation, which
is one of the means of extinguishing obligations; and if the
power of attorney executed by Ana Lacourt in favor of Pas-
casio Fajardo without the authority of the husband of the
principal, under which power the first assignment was made,

·is incidentally mentioned in the complaint, this does not destroy the nature of the essential fact, nor does it constitute a ground upon which the judgment appealed from was rendered, and for this reason we cannot make any declaration upon this point.

"Eighth. That the trial court erred in permitting Francisco Llavat, the secretary of the court, to testify by referring to certain records which were under his custody, because they bore a relation to the case. The defendants took exception to this permission at the trial."

According to sections 56 and 110 of the Act of our Legislative Assembly to regulate the introduction of evidence in civil proceedings, approved March 9, 1905, a judicial record of Porto Rico may be proved in two ways; either by the production of the original or by a copy thereof certified by the person having the custody thereof.

In this case the first method was adopted, and, consequently, no error has been committed; but, on the contrary, the law has been complied with.

In brief, no statement of facts duly prepared and complying with the conditions which the law requires, nor any other bill of exceptions than the one which we have considered having been presented, we must assume, after an examination of the judgment appealed from, that it has been proved in the action that Paoli and Ana Lacourt, in her own right, are mutually creditor and debtor; we must also assume that all the elements of fact which constitute compensation have been proved—that is to say, that sections 1163 and 1164 of the Revised Civil Code have been fully complied with—and we must assume that the counterclaim filed was not proved, which assumptions necessarily rest upon a lack of means by which this Supreme Court may ascertain whether or not the findings upon the evidence were correct.

The Mortgage Law provides in its section 31 "that the nullity of records shall not prejudice' any interest previously·

acquired by a third person who was not a party to the recorded instrument or contract."

·The defendants could have alleged this principle in their defense; but the plaintiff in his brief at folio 8 states in the second paragraph: "In this case the notices of attachment, letters F and G, upon the mortgage credit of Ana Lacourt appeared in the registry, which notices determine the cause of the extinction of the right of said lady, and, finally, that of her assignees."

The alleged existence of these notices in the registry of property must have been proved at the trial held before the Mayagüez court. This is another presumption in favor of the judgment, for, as we have stated a number of times, there is no statement of facts nor bill of exceptions as required by sections 214 and 215 of the Code of Civil Procedure in force.

Hence, if Ana Lacourt could assign her mortgage under the provisions of article 71 of the Mortgage Law, the assignees acquired it, down to the present possessors and defendants, with the limitation which the right recorded in the registry entailed.

Under the circumstances the defendants cannot be considered as third persons for the purposes of article 31 of the Mortgage Law cited above, because the Supreme Court of Spain, in its decisions of October 8, 1885, January 11, 1895, February 7, 1896, and in other, has decided that "a person who has knowledge of the liens upon the estate he acquires, even though he has not taken part in the act or contract recorded, cannot be considered as a third person," because, as the first of the opinions mentioned holds, that "where a thing has been accepted without protest, or has been expressly or impliedly assented to," it cannot be impugned.

It appears that the estate in question, called "Mayagüacillo," came after successive transfers into the hands of Luciano Lacourt, with the mortgage of Ana Lacourt assigned to the defendant affected by the two notices of attachment to

which reference has made, and also with the subsequent mortgage in favor of the plaintiff, Juan Vicenty y Ramos.

In the summary mortgage proceedings prosecuted by the defendants against said Luciano Lacourt the estate was awarded to them for $8,000, in payment of the mortgage credit of Ana Lacourt which had been assigned to them and which amounted to 10,750 *pesos.* So that nothing remained in excess of the value of the estate to apply to the payment of the mortgage constituted in favor of the plaintiff, Vicenty.

Under these circumstances, the latter was prejudiced, and he filed this complaint praying that the mortgage credit of Ana Lacourt should be declared extinguished by compensation, and as said credit which had already been settled had been assigned, he also prayed for the annulment of the successive assignments and of the records thereof in the registry of property.

Now, then, did Juan Vicenty Ramos have the right to bring this action?

To answer this question it is necessary to state that Luciano Lacourt, the former owner of the estate, was at the same time the debtor of the defendants and of the plaintiff for various mortgage credits.

Section 1078 of the Revised Civil Code provides:

"Creditors, after having attached the property of which the debtor may be in possession, in order to collect all that is due them, may exercise all the rights of an action of the latter for the same purpose * * * ."

And as section 1170 establishes the express right to offset that which one owes by that which is owed one, this right passes to the creditor when the debtor waives or simply fails to exercise the same, from which it is also to be deduced, as Scaevola says, that none of the persons interested in a compensation can waive it to the prejudice of his other creditors.

The right of the plaintiff to bring this action, therefore, is indisputable.

On the other hand, he is also given this right by the decision of the Supreme Court of Spain of September 23, 1895, which, in construing article 1302 of the former Civil Code (the equivalent of section 1269 of the Revised Civil Code), says that:

"The action for nullity of contracts which, according to article 1302 of the Code, may be brought by those who are principally or subsidiarily obligated by virtue thereof, does not exclude from the exercise thereof third persons prejudiced by the obligation; and, therefore, the remedy of the nullity must logically benefit a legatee who sees his right lost by means of credits simulated during the lifetime of the testator, by his attorney in fact and subsequent heir."

Therefore, after having considered all the questions raised under the true record we reach the conclusion that the judgment appealed from has conformed to the law, and, consequently, that it should be affirmed, with the costs of this appeal against the appellants and defendants.

*Affirmed.*

Justices Hernández, MacLeary and Wolf concurred.

Mr. Chief Justice Quiñones did not take part in the decision of this case.